NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES T. ASHWELL,<br><br>     Plaintiff,<br><br>v.<br><br>AMERICAN BAR ASSOCIATION, NEW JERSEY STATE BAR ASSOCIATION, SCOTT L. SIEGEL, DAVID A. ROSENBERG, KAROL CORBIN WALKER, and ALFRED P. CARLTON, JR.,<br><br>     Defendant(s). | Civ. No. 03-3558 (WGB)<br><br>O P I N I O N |

**APPEARANCES:**

James T. Ashwell
348 Ryders Lane
East Brunswick, New Jersey 08816-2201

    Plaintiff pro se

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PC
BY:  John L. Slimm, Esq.
Woodland Falls Corporate Park
200 Lake Drive East
Suite 300
Cherry Hill, New Jersey 08002

    Counsel for Scott L. Siegel, Esq.

**BASSLER, DISTRICT JUDGE:**

    This federal action arises out of a state matrimonial action between Plaintiff James T. Ashwell ("Plaintiff") and his ex-wife, Nancy D'Addario Ashwell.  In his Complaint, Plaintiff claims that Defendant Scott L. Siegel, Esq. ("Siegel") drafted and submitted materially false documents to the judge presiding over his

divorce, which caused Plaintiff to lose large sums of money and property. Plaintiff alleges violations of the Federal Racketeering Influenced and Corrupt Organizations Act ("Federal RICO"), 18 U.S.C. §§ 1961 et seq., by Siegel and various other defendants.

The Court dismissed the Federal RICO claims against all the other defendants in an Opinion filed June 30, 2004. Siegel now brings a motion for summary judgment as to the Federal RICO claims against him.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

For the reasons discussed below, Defendant Siegel's motion for summary judgment is **GRANTED**.

## BACKGROUND

The relevant facts of this action were summarized in the Court's Opinion of June 30, 2004:

> Plaintiff is an individual domiciled in Middlesex County, New Jersey. In his Complaint, Plaintiff complains of various actions allegedly taken by Defendants with regard to a matrimonial case in the Chancery Division-Family Part of the Superior Court of New Jersey, Middlesex County, Docket No. FM-12-1498-00-C, entitled *Nancy D'Addario Ashwell v. James T. Ashwell* ("the Divorce Proceeding"). Ashwell was the defendant in the Divorce Proceeding, in which his ex-wife sought various types of financial and child support from Ashwell.
> Two of the named defendants in this action have a direct connection with the Divorce Proceeding. One defendant, the Honorable David A. Rosenberg, J.S.C. ("Judge Rosenberg") is a Judge of the Superior Court of New Jersey in Middlesex County. Judge Rosenberg

presided over the Divorce Proceeding. Defendant Scott L. Siegel, Esq. ("Siegel") is an attorney who represented Plaintiff's ex-wife in the Divorce Proceeding.

The four other named defendants have no direct connection with the Divorce Proceeding. The New Jersey State Bar Association ("the NJSBA") is a volunteer legal organization, which represents its members with respect to the law, the legal profession and the legal system in New Jersey. Defendant Karol Corbin Walker ("Walker") is the President of the NJSBA. The American Bar Association ("the ABA") is a legal organization that represents the interests of lawyers nationwide. Defendant Alfred Carlton, Jr. ("Carlton") was the former President of the ABA. Carlton's term as President ended on August 14, 2003. (Carlton Decl. ¶ 1.)

The bulk of Plaintiff's Complaint contains allegations against Siegel and Judge Rosenberg. Plaintiff alleges that Siegel violated Plaintiff's civil rights by crafting materially false documents in order to deprive Plaintiff of his property and also submitted motions to hold *ex parte* hearings. (Compl. at (a)-(b).) Plaintiff contends that Judge Rosenberg aided and abetted Siegel in the preparation of these documents, made false statements, and deprived Plaintiff of his civil rights in the disposition of a motion filed by Plaintiff in the Divorce Proceeding on May 27, 2003. (*Id.* at (b)-(e).) Plaintiff also makes claims of fraud and RICO violations against Judge Rosenberg and Siegel.

In addition, Plaintiff makes certain allegations against the NJSBA, Walker, the ABA, and Carlton. Namely, Plaintiff alleges the NJSBA, Walker, the ABA, and Carlton have violated RICO by: (1) "running a racket by conducting 'proceedings' not cognizable within the Federal Rules of Civil Procedure or any state's rules of civil procedure, resulting in countless void judgments" (Compl. ¶ 1, RICO Statement); (2) making membership in the ABA and NJSBA mandatory for lawyers; and (3) receiving payments from Judge Rosenberg and Siegel so that Judge Rosenberg and Siegel could be permitted to defraud Plaintiff.

As relief requested, Plaintiff prays for $975,000.00 in monetary damages and an order from this Court dissolving the ABA and NJSBA and ordering those organizations to cease all operations.

(6/30/04 Opinion at 3-5.)

On June 30, 2004, this Court dismissed the RICO claims against all defendants except Siegel.

## DISCUSSION

### I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment will be granted only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 65(c). Whether a fact is material is determined by the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue involving a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Healy v. N.Y. Life Ins. Co., 860 F.2d 1209, 1219 n.3 (3d Cir. 1988), cert. denied 490 U.S. 1098 (1989).

The moving party has the initial burden of showing that no genuine issue of material fact exists. Celotex Corp v. Carteret, 477 U.S. 317, 323 (1986). If the moving party satisfies this requirement, the burden shifts to the nonmoving party to present evidence that there is a genuine issue for trial. Id. at 324. The nonmoving party "may not rest upon mere allegations or denials" of its pleading, Fed. R. Civ. P. 56(e), but must produce sufficient evidence to reasonably support a jury verdict in its favor, Anderson, 477 U.S. at 249, and not just "some metaphysical

4

doubt as to material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In determining whether any genuine issues of material fact exist, the Court must resolve "all inferences, doubts, and issues of credibility . . . against the moving party." Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983) (citing Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870, 874 (3d Cir. 1972)); accord Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1077 n.1 (3d Cir. 1996).

In support of his motion for summary judgment, Siegel argues that the present action is barred on grounds of *res judicata*, litigation immunity, and lack of fiduciary duty. The Court does not address these arguments because it is apparent from the face of the Complaint, even accepting all allegations as true, that there is no basis for a Federal RICO claim against Siegel.

## II. CIVIL RICO CLAIM

Plaintiff brings his claim against Siegel under Federal RICO, 18 U.S.C. §§ 1961, 1962 and 1964(a). Section 1964(c) of the Federal RICO statute provides a private cause of action for treble damages to any person injured "by reason of a violation of" section 1962 of the statute. 18 U.S.C. § 1964(c); see Sedima v. Imrex Co., Inc., 473 U.S. 479, 481 (1985).

Section 1962 creates four separate causes of action arising out of various aspects of racketeering activity. First, section

1962(a) makes it unlawful to invest any income derived from a pattern of racketeering activity or through collection of an unlawful debt to acquire any interest in, or to establish or operate, any enterprise that is engaged in or affects interstate or foreign commerce. Sedima at 482. Second, section 1962(b) prohibits the acquisition or maintenance of any interest in, or control of, any enterprise that is engaged in or affects interstate or foreign commerce through a pattern of racketeering activity or collection of an unlawful debt. Id. Third, section 1962(c) makes it unlawful for any person to conduct or participate in the conduct of the affairs of an enterprise that is engaged in or affects interstate or foreign commerce through a pattern of racketeering activity or collection of an unlawful debt. Id. at 483. Finally, under section 1962(d), it is unlawful to conspire to violate any of the provisions of sections 1962(a) through (c). Id.

Each of the four prohibited activities listed in section 1962 requires a plaintiff to first demonstrate that the defendant engaged in a "pattern of racketeering activity." Tabas v. Tabas, 47 F.3d 1280, 1289 (3d Cir. 1995). "Racketeering activity" consists of the commission of one of the predicate acts enumerated in 18 U.S.C. § 1961(1). See Sedima, 473 U.S. at 495.

In order to establish a "pattern" of racketeering activity, a plaintiff must show that the defendant engaged in at least two

6

predicate acts within a ten-year period. <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1411-12 (3d Cir. 1990). Here, Plaintiff alleges in the Complaint that on at least five occasions, from October 21, 2002 through July 25, 2003, Siegel submitted false documents or motions for *ex parte* hearings to Judge Rosenberg in connection with the Divorce Proceeding. (Compl. ¶ 1(a)-(d), (I)).

In addition to pleading the requisite number of predicate acts, however, a plaintiff must also demonstrate that the "racketeering acts are related, *and* that they amount to or pose a threat of continued criminal activity." <u>H.J. Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 232 (1989).

Predicate acts are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." <u>Tabas</u>, 47 F.3d at 1292. In the Third Circuit, courts liberally construe this standard. <u>See</u> e.g. <u>Banks v. Wolk</u>, 918 F.2d 418 (3d Cir. 1990) (finding the predicate acts were related even where four of five predicate acts did not involve precisely the same parties). Plaintiff easily satisfies the relatedness requirement because Siegel submitted all of the allegedly fraudulent documents in connection with the same Divorce Proceeding.

Despite easily satisfying the relatedness requirement,

7

Plaintiff fails to satisfy the continuity requirement. In <u>H.J. Inc.</u>, the Supreme Court described the "continuity" requirement as "centrally a temporal concept." 492 U.S. 229, 242. In the Third Circuit, duration is the "<u>sine qua non</u> of continuity." <u>Hindes v. Castle</u>, 937 F.2d 868, 873 (3d Cir. 1991).

A plaintiff can meet this requirement by showing either "closed-ended continuity" or "open-ended continuity." See <u>H.J. Inc.</u> at 241. Closed-ended continuity refers "to a closed period of repeated conduct." <u>Id.</u> Open-ended continuity refers to "past conduct that by its nature projects into the future with a threat of repetition." <u>Id.</u>

Plaintiff here cannot meet closed-ended continuity. A party may satisfy closed-ended continuity by demonstrating "a series of related predicates extending over a substantial period of time." <u>H.J. Inc.</u>, 492 U.S. at 242. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." <u>Id.</u> In the Third Circuit, predicate acts spanning less than one year do not as a matter of law constitute a "substantial period of time" as required by <u>H.J. Inc.</u> See <u>Hughes v. Consol-Pennsylvania Coal Co.</u>, 945 F.2d 594, 611 (3d Cir. 1991); see also <u>Hindes v. Castle</u>, 937 F.2d 868, 875 (3d Cir. 1991) (eight month period of predicate acts without a threat of future criminal conduct does not satisfy continuity

8

requirement). Taking the facts alleged by Plaintiff to be true, the predicate acts occurred sporadically over a period of nine months. Because the acts occurred over such a short period, Plaintiff cannot show closed-ended continuity.

Nonetheless, a plaintiff may also satisfy this requirement through open-ended continuity by demonstrating a "threat of continued racketeering activity." H.J. Inc., 492 U.S. at 242. There are several ways to establish a threat of continued racketeering activity. For example, a plaintiff meets this requirement where the "the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future." Id. at 242-43. Alternatively, there may be a threat of continuity where the "predicate acts or offenses are part of an ongoing entity's regular way of doing business." Id. In addition, a plaintiff may plead a threat of continuity where the predicate acts can be attributed to "a defendant operating as part of a long-term association that exists for criminal purposes." Id.

Courts often hold that a single scheme involving a single injury to a single victim within a short period of time falls outside of RICO due to lack of continuity, even though all aspects are entirely related. See, e.g., Hughes, 945 F.2d at 610 (predicate acts against single victim lasting ten months did not constitute open-ended continuity); Kehr Packages v. Fidelcor,

9

Inc., 926 F.2d 1406, 1413 (3d Cir. 1991) ("[A]lthough a single fraudulent scheme can give rise to RICO liability, when that scheme is short-lived and directed at a limited number of people, this court has required some further indication that the defendant's fraudulent activities are likely to continue."). Further, there is no threat of continuing misconduct where predicate acts focus on a clearly defined, discrete, and finite goal. See, e.g., Vicom, Inc. v. Harbridge Merchant Servs., 20 F.3d 771, 782 (7th Cir. 1994) ("In assessing whether a threat of continued racketeering activity exists, we have made clear that schemes which have a clear and terminable goal have a natural ending point. Such schemes therefore cannot support a finding of any specific threat of continuity that would constitute open-ended continuity."); Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1273-74 (10th Cir. 1989) ("At most, plaintiff has alleged a scheme to accomplish 'one discrete goal,' which he alleges was accomplished. That is insufficient to state a claim for relief under RICO.").

In this case, all of the predicate acts related to the Divorce Proceeding. According to Plaintiff, Siegel intended Plaintiff to rely on the fraudulent documents and intended to deprive Plaintiff of a substantial sum of money and property. In none of the documents submitted to the Court, however, does the Plaintiff indicate that Siegel's acts were directed at any other

10

individual. Therefore, the Court can only conclude that the acts focused on a clearly defined and discrete goal: to defraud Plaintiff and deprive him of a substantial divorce settlement. The acts ceased once the Divorce Proceeding ended--only nine months after they began. Now that the Divorce Proceeding is over, there is no specific threat of repetition of the predicate acts. Under no reading of the facts can Plaintiff demonstrate open-ended continuity.

Because Plaintiff cannot show continuity of the predicate acts, a pattern of racketeering activity does not exist. Therefore, Plaintiff cannot establish a prohibited activity under 18 U.S.C. § 1962. As a matter of law Plaintiff's Federal RICO claim against Siegel must fail. Therefore, Siegel is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Siegel's motion for summary judgment is **GRANTED**.

An appropriate Order follows.

/s/ William G. Bassler
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2005